**Boris MASLENNIKOV, Faina Maslennikova, Petitioners,**

v.

**Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.**

**No. 07–3670–ag.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto Gonzales as the respondent in this case.

Frederick P. Korkosz, Law Offices of Alice K. Berke, Albany, NY, for Petitioners.

Jeffrey Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Boris Maslennikov and Faina Maslennikova, both natives of the former Union of Soviet Socialist Republics and citizens of Russia, seek review of a July 31, 2007 order of the BIA affirming the December 16, 1999 decision of Immigration Judge ("IJ") Michael Rocco, denying their applications for asylum and withholding of removal. *In re Boris Victorovixh Maslennikov, Faina Maslennikova*, Nos. A70 698 769, A70 891 878 (B.I.A. July 31, 2007), *aff'g* Nos. A70 698 769, A70 891 878 (Immig. Ct. N.Y. City December 16, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted and supplemented the IJ's decision, we review both the BIA's decision and the underlying IJ decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ In this case, the agency reasonably found that the petitioners did not suffer economic persecution. In order to demonstrate economic persecution, an applicant must establish that he was subjected to the "deliberate imposition of a severe economic disadvantage." *Matter of T–Z–*, 24 I. & N. Dec. 163, 173 (B.I.A.2007). While economic persecution need not result in a "total deprivation of livelihood or a total withdrawal of all economic opportunity," an applicant must nonetheless demonstrate

that the claimed economic deprivations were sufficiently severe to "constitute a threat to [his or her] life or freedom." *See id.* As the BIA concluded, the record reveals that, although the petitioners were discriminated against in Russia because they are Jewish, they managed to obtain steady employment and economic security and were able to purchase their own home in a desirable section of Leningrad. Thus, the petitioners failed to show that the discrimination that they suffered constituted a threat to their life or freedom, and the BIA did not err in concluding that the petitioners had not demonstrated that they had been subjected to economic persecution in Russia. *See id.*

■ Nor was it unreasonable for the BIA to conclude that the incidents of violence and vandalism directed at the petitioners in Russia between 1980 and 1991 failed to establish past persecution. The BIA compared the petitioners' treatment to that recounted in *In re O–Z & I–Z,* 22 I. & N. Dec. 23 (B.I.A.1998), in which it had affirmed a finding of past persecution, and found it to be not as severe. Indeed, whereas the petitioners in *In re O–Z & I–Z* suffered multiple injuries at the hands of assailants, including facial injuries requiring stitches and a knee injury that required surgery, the Maslennikovs testified to only a broken arm, and it was not clear from their testimony whether that injury was intentionally inflicted or was caused by an accidental fall during an attack. A

reasonable finder of fact could conclude, as the BIA did, that the record as a whole did not establish that the Maslennikovs had been victims of past persecution. We therefore must accept the BIA's finding.

■ The BIA's further conclusion that the petitioners had not established an objectively well-founded fear of persecution, independent of past persecution, also was reasonable.[2] An applicant does not have a well-founded fear "if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Here, as the BIA noted, the petitioners testified that they had vacationed for more than a month without incident outside Leningrad, which suggests that they could avoid possible persecution by relocating there or elsewhere. In addition, as the BIA noted, the petitioners' adult son has continued to live in Leningrad undisturbed. The BIA's determination that the petitioners had not established a well-founded fear of persecution therefore is supported by substantial evidence and must be accepted.

Because we must accept the BIA's finding that the petitioners had not established a well-founded fear of persecution, whether by presumption from a showing of past persecution or otherwise, we must affirm the BIA's decision denying the petitioners' claim for asylum. And because the peti-

---

**2.** The petitioners interpret this part of the BIA's decision to reflect an alternative finding that the petitioners had failed to establish a well-founded fear of persecution even if past persecution was assumed. Such a conclusion would be legal error. Establishing past persecution creates a presumption of a well-founded fear of persecution and shifts the burden to the government to rebut the presumption. 8 C.F.R. § 1208.13(b)(1). Accordingly, upon assuming that the petitioners had established past persecution, the BIA would

be required to assume also that they had established a well-founded fear of persecution *unless* it determined that the government had rebutted that presumption, for instance by establishing changed country conditions. Nevertheless, because we have concluded that it was reasonable for the BIA to find that the petitioners had not established past persecution, we do not need to remand this case to the agency to correctly apply the burden-shifting scheme.

tioners failed to establish the well-founded fear of future persecution required to prevail on their asylum claim, they were also necessarily unable to meet the higher standard for a claim of withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the petitioners' pending motion for a stay of removal in this petition is DISMISSED as moot.